IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENARD PITNEY  
306 Landsende Road  
Devon, PA 19333  

 vs.  

CITY OF CHESTER  
1 West Fourth Street  
Chester, PA 19013  
 and  
POLICE OFFICER WILLIAM J. MURPHY III  
BADGE NUMBER 841  
Individually and as a police officer  
for the City of Chester  
c/o Chester Police Department  
160 East 7th Street  
Chester, PA 19013  
 and  
POLICE OFFICER JOHN DOE 1  
Individually and as a police officer  
for the City of Chester  
c/o Chester Police Department  
160 East 7th Street  
Chester, PA 19013  
 and  
POLICE OFFICER JOHN DOE 2  
Individually and as a police officer  
for the City of Chester  
c/o Chester Police Department  
160 East 7th Street  
Chester, PA 19013  

: Civil Action No.
:
: JURY TRIAL DEMANDED

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

**Parties**

2. Plaintiff, Kenard Pitney, is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was present in the City of Chester, Pennsylvania.

3. Defendant, City of Chester, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Chester Police Department which employs Defendants, Police Officer William J. Murphy III and Police Officer John Doe 1 and Police Officer John Doe 2.

4. Defendant, Police Officer William J. Murphy III, Badge Number 841, is a police officer for the Chester Police Department who at all relevant times was acting under color of state law. The Defendant officer is being sued in his individual capacity.

5. Defendant, Police Officer John Doe 1, is and was at all times a police officer for the Chester Police Department, and acting under color of state law and within the scope and course of his employment. The Defendant officer is being sued in his individual capacity.

6. Defendant, Police Officer John Doe 2, is and was at all times a police officer for the Chester Police Department, and acting under color of state law and within the scope and course of his employment. The Defendant officer is being sued in his individual capacity.

7. At all relevant times, all Defendants were acting in

concert and conspiracy and their actions deprived Kenard Pitney of his constitutional and statutory rights.

### Factual Allegations

8. On or about May 18, 2018 Plaintiff visited the Harrah's Casino located in Delaware County, Pennsylvania.

9. At approximately 9:30 p.m. the Plaintiff exited the casino and went to the valet in the casino parking lot. Plaintiff instructed the valet that he wanted to retrieve some items that he had left in his car.

10. Plaintiff then walked over to where his vehicle was parked and waited for the valet to arrive with his keys so that Plaintiff could retrieve his items.

11. After waiting for a few minutes, a security guard from Harrah's approached the Plaintiff. The security guard advised Plaintiff that the valet was not going to give him the keys to his vehicle as the valet believed it would be best for Plaintiff to either call a cab or uber or make other arrangements to get home.

12. Plaintiff then advised the security guard that he would call a friend to drive him home. However, he once again told the security guard that he needed to get belongings out of his vehicle. The security guard again refused to unlock Plaintiff's vehicle. Plaintiff then asked for a supervisor.

13. Within a few minutes, a supervisor did arrive on the scene and the supervisor also refused Plaintiff's request to gain entry

to his vehicle.

14. Plaintiff then asked the supervisor to call the police.

15. In approximately 5 minutes, Defendant Officer Murphy and/or Defendant Officer John Doe 1 arrived on the scene.

16. Defendant Officer Murphy and/or Defendant Officer John Doe approached Plaintiff who was speaking on his cell phone with his fiancee to arrange for a ride home.

17. Defendant Officer Murphy and/or Defendant Officer John Doe demanded that Plaintiff give the officer his cell phone.

18. After the officer demanded Plaintiff's cell phone, Plaintiff requested a few more minutes to speak with his fiancee to arrange a ride home.

19. However, Defendant Officer Murphy and/or Defendant Officer John Doe 1 knocked Plaintiff's phone out of his hand. Defendant Officer Murphy and/or Defendant Officer John Doe then grabbed the Plaintiff, violently dragged him towards a police car and then threw him belly down into the back seat of the police car.

20. Plaintiff was then placed in handcuffs and taken to the City of Chester Police station where he was handcuffed to a bench.

21. Eventually, Plaintiff was placed into a holding cell and strip searched by Defendant Officer John Doe 2. During the course of the strip search, Plaintiff was required to remove his clothes, and hold up his genitals so that Defendant Police Officer John Doe 2 could observe the same.

22. The strip search was done in public and upon information and belief a female officer may have been allowed to observe the strip search by a closed circuit television.

23. After approximately 1½ hours at the police station, Plaintiff was released after being given a summons for public intoxication.

24. On or about July 19, the summons was dismissed.

25. At all times relevant hereto, Plaintiff was acting in a legal and lawful manner. Plaintiff did not engage in any behavior which violated any statute or ordinance of the Commonwealth of Pennsylvania or the City of Chester.

26. Neither Defendant Officer Murphy or Defendant Officers John Doe 1 or John Doe 2 were aware of any facts which would have given them reasonable suspicion, much less probable cause, that Plaintiff had committed any crime or violated any statute or ordinance of the City of Chester or the Commonwealth of Pennsylvania.

27. Upon information and belief, the Defendant City of Chester has an unconstitutional policy of conducting degrading, humiliating and unconstitutional strip searches of arrestees and/or detainees. More specifically, the City of Chester has an unconstitutional policy of authorizing strip searches despite having no reason to believe that an arrestee and/or an detainee may be concealing contraband.

28. At no time did Plaintiff Kenard Pitney do anything to resist the orders of the Defendant police officers nor did he do anything which could have been considered a threat to either Defendant officer or to anyone else.

29. The unlawful and unreasonable use of force in this case were the direct result of Defendants' pattern, practice, and custom of subjecting citizens such as Kenard Pitney to unreasonable and excessive force in the absence of any legitimate purpose.

30. As a direct and proximate result of the actions of Defendant Officer William J. Murphy III and Defendant Officer John Doe 1, and Defendant Officer John Doe 2, Plaintiff, Kenard Pitney, suffered and continues to suffer physical and psychological harm, pain and suffering, emotional harm, loss of liberty, some or all of which may be permanent as well as financial losses.

31. As a direct and proximate result of the Defendants' actions, Plaintiff, Kenard Pitney, was deprived of his rights and privileges under the Fourth and Fourteenth Amendments to the United States Constitution and in particular, the right to be free from excessive force, unreasonable force, the right to be free from false arrest, the right to be free from illegal search and seizures, the right to be secure in his person and property, the right to be free from malicious prosecution and the right to due process of law. Plaintiff was similarly deprived of the right not to be a victim of conspiracies of state actors to violate the

aforementioned clearly established rights.

32. The actions taken by the Defendants in this matter were taken under color of state law. Those actions are not limited to the aforementioned conduct.

33. Defendant Officer William J. Murphy and/or Defendant Officer John Doe 1 and/or Defendant Officer John Doe 2 acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional and statutory rights.

34. The conduct of Defendant Officer William J. Murphy and/or Defendant Officer John Doe 1 and/or Defendant Officer John Doe 2 was done maliciously, wantonly, recklessly and with an intent to injure the Plaintiff and with an intent to violate his constitutional, statutory and other rights. More specifically, the actions of Defendant Officer William J. Murphy and/or Defendant Officer John Doe 1 and/or Defendant Officer John Doe 2 violated Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

**FIRST CAUSE OF ACTION**
**FEDERAL CIVIL RIGHTS VIOLATIONS**

35. Plaintiff incorporates by reference paragraphs 1 through 34 of the instant Complaint.

36. As a direct and proximate result of all of the Defendants' conduct, committed under color of state law, Plaintiff, Kenard Pitney, was deprived of his Fourth Amendment right to be free from unreasonable and excessive force, false arrest, illegal search and

seizure, and to be secure in his person and property and he was deprived of his Fourteenth Amendment rights to be free from malicious prosecution and he was denied his liberty without due process of law. As a result, Plaintiff, Kenard Pitney, suffered and continues to suffer harm in violation of his rights under the laws of the Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

37. As a direct and proximate result of the acts of all Defendants, Plaintiff, Kenard Pitney, sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

38. Defendant, City of Chester, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. The use of unreasonable force, excessive force illegal search and seizure, false arrest, malicious prosecution, and infliction of emotional distress by police officer;

    b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, illegal search and seizure, false arrest, malicious prosecution, infliction of

      emotional distress, and violation of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

  c.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

  d.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

  e.  Police officers' use of their status as police officers to employ the use of excessive force, unreasonable force, illegal search and seizure, false arrest, malicious prosecution, and infliction of emotional distress to achieve ends not reasonably related to the police duties;

  f.  Police officers' use of the authority and power of their office for personal ends and to intimidate, coerce, and threaten citizens; and

  g.  The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of force and arrest powers under such circumstances as

presented herein.

39. City of Chester failed to properly sanction or discipline officers, who were aware of and conceal and/or aid violations of constitutional rights of citizens that other City of Chester police officers, thereby causing and encouraging City of Chester police, including the Defendant officers in this case, to violate the rights of citizens such as Kenard Pitney.

40. Defendants have by the above described actions deprived Plaintiff, Kenard Pitney, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

### SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS

41. Plaintiff incorporates by reference paragraphs 1 through 40 of the instant Complaint.

42. The acts of the individual Defendants in this cause of action constitute excessive force, unreasonable force, illegal search and seizure, false arrest, malicious prosecution, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: *[signature]*
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff