# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENARD PITNEY, on behalf of himself and all others similarly situated,

    *Plaintiff*,

v.

CITY OF CHESTER, ET AL.,

    *Defendant*.

Case No. 2:19-cv-00799

## [PROPOSED] ORDER GRANTING CLASS CERTIFICATION

AND NOW, this _____ day of _____, 2020, upon consideration of Plaintiff's Motion for Class Certification, the briefs and evidence submitted by Plaintiff in support thereof, Defendant's response thereto, and the entire record in this matter, it is hereby ORDERED that the Motion for Class Certification is GRANTED, as follows:

    1. A class is hereby CERTIFIED pursuant to Rule 23(b)(2) and (b)(3) consisting of:

> All persons who have been (1) detained in a holding cell at the City of Chester Police Department (2) as a result of being arrested and/or charged with summary offenses, civil enforcement offenses, child support enforcement arrears, traffic offenses, petty disorderly offenses, disorderly persons offenses, misdemeanors, contempt proceedings, failure to pay financial fines, penalties and/or costs in like matters as set forth above; and/or failure to appear at any court proceedings on like matters as set forth above; and (3) who were strip-searched upon their entry into detainment and/or custody and/or were strip-searched prior to an appearance before a judge or judicial officer who had the authority to release the person as

   referred to above from detainment and/or custody and (4) the strip-search was conducted and/or performed according to the City of Chester's blanket strip search policy, that is, without reasonable suspicion based on objective and articulable facts that the aforesaid person or persons possessed weapons and/or contraband.  The class includes persons who were strip searched on or after February 25, 2017 and extends to the date on which the City of Chester and the Chester Police Department are enjoined and/or cease to strip-search the class of persons referred to above.

 2. Plaintiff Kenard Pitney will fairly and adequately protect the interests of the class.

 3. Pursuant to Rule 23(g), the following law firms are appointed as Co-Lead Class Counsel: Alan M. Feldman, Edward S. Goldis and Andrew K. Mitnick of Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP and Patrick G. Geckle of the Law Offices of Patrick G. Geckle, LLC.

 This Order is based on the following findings of fact and conclusions of law:

 1. The class is so numerous that joinder of all members is impracticable;

 2. There are questions of law and fact common to plaintiff and the class;

 3. Plaintiff's claims are typical of the claims of the class;

 4. Plaintiff will fairly and adequately assert and protect the interests of the absent class members;

 5. Class counsel will adequately represent the interests of the class;

 6. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief:

 7. The questions of law and fact common to plaintiff and the class predominate over any questions affecting only individual members;

8. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

AND IT IS SO ORDERED.

_____
HONORABLE PAUL S. DIAMOND
UNITED STATES DISTRICT JUDGE