**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KENARD PITNEY, both individually and   :
on behalf of a class of other similarly     :
situated individuals,       :
        :
        Plaintiff,   :  CIVIL ACTION
        :
        v.     :  DOCKET NO. 2:19-cv-799
        :
CITY OF CHESTER,      :
        :
      Defendant.   :

## SETTLEMENT AGREEMENT

The Plaintiff, Kenard Pitney ("Plaintiff" or "Pitney"), by and through his counsel, the

Law Offices of Patrick G. Geckle, LLC and Feldman Shepherd Wohlgelernter Tanner Weinstock

& Dodig, LLP, (hereinafter "Class Counsel"), and the Defendant, City of Chester ("Defendant"

or "City") (jointly referred to as the "Parties"), by and through their counsel, hereby enter into

this Settlement Agreement providing, subject to the approval of the Court, for settlement of the

claims herein described against the Defendant.

WHEREAS, Plaintiff filed the above-captioned class action lawsuit against the

Defendant alleging that Defendant had violated Plaintiff's constitutional rights by illegally strip

searching him and others similarly situated upon entry into the cell block area of the City of

Chester Police Department.

WHEREAS, Plaintiff further alleges that the City has a uniform policy and practice of

conducting strip searches on all detainees that enter the custody of the cell block area of the City

of Chester Police Department, in violation of the U.S. Constitution.  Plaintiff contends that (1)

the City's policy and practice of conducting blanket strip searches of detainees charged with

misdemeanors and other minor violations were violative of federal and state law protecting

against unreasonable searches, and (2) the City's policy and practice of strip searching individuals charged with misdemeanors and other minor violations were violative of the Fourth Amendment when the searches are conducted prior to the detainee having had an opportunity to be arraigned and contest their detention.

WHEREAS, Defendant has denied and continues to deny Plaintiff's claims, and Defendant denies any wrongdoing or liability of any kind to Plaintiff or to any members of the class (as defined hereinafter).

WHEREAS, the Parties to this Settlement Agreement have conducted and are continuing to conduct a thorough examination and investigation of the facts and law relating to the matters in this litigation and that such examination included documentary discovery in the course of the litigation.

WHEREAS, Defendant has concluded that settlement is desirable in order to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve finally and completely all pending and potential claims of the Plaintiff and all members of the class relating to alleged conduct involved in this litigation.

WHEREAS, Plaintiff and Class Counsel recognize the costs and risks of prosecuting this litigation, and believe that it is in their interest, and the interest of all Class Members, as defined below, to resolve this litigation, and any and all claims against Defendant, as well as all employees of the City who may have devised, promulgated or enforced the policy or participated in the conduct that is the subject of this Settlement Agreement.

WHEREAS, substantial, adversarial settlement negotiations have taken place between the Parties, including settlement conferences conducted by United States Magistrate Judge Timothy R. Rice and former United States District Judge for the District of New Jersey Stephen M.

Orlofsky, and as a result, this Settlement Agreement has been reached, subject to the Court approval process set forth herein.

WHEREAS, the Parties believe that this Settlement Agreement offers significant benefits to members of the proposed class and is fair, reasonable, adequate and in the best interest of putative class members.

WHEREAS, this Settlement Agreement is made and entered into by and among Defendant and Plaintiff, individually and on behalf of a class (the "Class") of similarly situated persons (the "Class Members"), defined, for settlement purposes, as:

> All persons who have been (1) detained in a holding cell at the City of Chester Police Department (2) as a result of being arrested and/or charged with summary offenses, civil enforcement offenses, child support enforcement arrears, traffic offenses, disorderly conduct offenses, contempt proceedings, non-violent misdemeanor offenses in which a weapon was not utilized nor brandished and/or no injury was caused to an individual, misdemeanors not involving drugs or controlled substances (exclusive of possession of a small amount of marijuana for personal use), failure to pay financial fines, penalties and/or costs in like matters as set forth above; and/or failure to appear at any court proceedings on like matters as set forth above; and (3) who were strip-searched upon their entry into detainment and/or custody and/or were strip-searched prior to an appearance before a judge or judicial officer who had the authority to release the person as referred to above from detainment and/or custody; and (4) the strip search was conducted and/or performed pursuant to the City of Chester's strip search policy regardless of circumstances indicative of reasonable suspicion.

The Class Period commences on February 25, 2017 and ends on December 9, 2020.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the undersigned as follows:

I.      **DEFINITIONS**

As used in this Settlement Agreement, the following terms shall have the meaning set forth below.  Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

A. <u>Claim Form.</u>  "Claim Form" shall mean a form in substantially the same form as attached hereto as Exhibit A.

B. <u>Claims Period.</u>  "Claims Period" shall mean the time period during which claims may be made by Class Members, extending from the Notice Date until the date one hundred twenty (120) days thereafter, including weekends and holidays, provided that if the last day of the Claims Period falls on a weekend or Federal holiday, then the end of the Claims Period shall be the next following day that is not a weekend or Federal holiday.

C. <u>Class Counsel.</u>  "Class Counsel" shall mean: Law Offices of Patrick G. Geckle, LLC, Philadelphia, Pennsylvania, and Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP, Philadelphia, Pennsylvania.

D. <u>Class Notice.</u>  "Class Notice" shall mean the Court-approved form of notice in substantially the same form as Exhibit B.

E. <u>Class Representative.</u> "Class Representative" shall mean Plaintiff, Kenard Pitney.

F. <u>Class Settlement.</u> "Class Settlement" shall mean the terms provided in this Settlement Agreement.

G. <u>Court.</u>  "Court" shall mean the United States District Court for the Eastern District of Pennsylvania, the Honorable Paul S. Diamond presiding, or his duly appointed or designated successor.

H. <u>Defendant.</u>  "Defendant" shall mean the City of Chester.

I. <u>Defendant's Counsel.</u>  "Defendant's Counsel" shall mean Bennett, Bricklin, & Saltzburg, LLC, Philadelphia, Pennsylvania, and MacMain, Connell & Leinhauser, LLC, West Chester, Pennsylvania.

J.      Distribution Amount.  "Distribution Amount" shall mean the amount paid to the class members after the close of the class period and all individuals that file a claim are identified.

K.      Effective Date.  "Effective Date" shall mean the later of thirty (30) days from the date on which the Settlement has been finally approved by the Court, or thirty (30) days from the date on which any appeals from final approval are resolved.

L.      Final Approval Hearing.  "Final Approval Hearing" shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Judgment.

M.      Final Judgment.  "Final Judgment" shall mean the Court Order that approves this Settlement Agreement, approves payment of attorneys' fees and expenses, and makes such other final rulings as are contemplated by this Settlement Agreement, in substantially the same form as Exhibit C.

N.      Litigation.  "Litigation" shall mean the above-captioned lawsuit pending in the United States District Court for the Eastern District of Pennsylvania as *Kenard Pitney vs. City of Chester*, Docket No. 2:19-cv-799-PSD.

O.      Notice Program.  "Notice Program" shall mean the program for disseminating the Class Notice to Class Members, including public dissemination of the Summary Notice, in accordance with the terms herein.

P.      Notice Date.   "Notice Date" shall mean the date upon which Class Notice is mailed to known Class Members in accordance with the terms herein.

Q.      Objection Date.  "Objection Date" shall mean the date agreed upon by the Parties or otherwise ordered by the Court by which Class Members must submit any objection to the

Settlement Agreement's terms or provisions and submit any required statements, proof, or other materials and/or argument.

R.     Opt-Out Deadline.  "Opt-Out Deadline" shall mean the date agreed upon by the Plaintiff and Defendant or otherwise ordered by the Court by which any Class Members who do not wish to be included in the Class and participate in the Settlement must complete the acts necessary to properly effect such election to opt out.

S.     Opt-Out List.  "Opt-Out List" shall mean a written list prepared by the Settlement Administrator of the names of all Class Members who submit timely Requests for Exclusion or Opt-Out Notices.

T.     Opt-Out Notice.  "Opt-Out Notice" or "Opt-Out" shall mean a Request for Exclusion.

U.     Parties.  "Parties" shall mean the Plaintiff and Defendant.

V.     Plaintiff.  "Plaintiff" shall mean Kenard Pitney.

W.     Preliminary Approval Order.  "Preliminary Approval Order" shall mean the order of the Court preliminarily approving this Settlement Agreement and conditionally certifying a provisional Class, in substantially the same form as Exhibit D.

X.     Release.  "Release" shall mean the release described in Section VII herein.

Y.     Released Claims.  "Released Claims" shall mean and include any and all claims or causes of action by or on behalf of any and all Class Members (and their predecessors, successors, heirs, administrators, executors, agents, trustees, representatives, and assigns) that are released by the Release described in Section VII herein.

Z.     Released Parties.  "Released Parties" shall mean all persons or entities against whom Released Claims will be released pursuant to the Release described in Section VII herein.

AA.     Request for Exclusion.  "Request for Exclusion" shall mean any request by any Class Member for exclusion from the Class in compliance with Section V herein.

BB.     Settlement.  "Settlement" shall mean the agreement by the Plaintiff and Defendant to resolve the Litigation, the terms of which have been memorialized in this Settlement Agreement.

CC.     Settlement Administrator.  "Settlement Administrator" shall mean the qualified party selected by the Plaintiff and Defendant and designated in the Preliminary Approval Order to administer the Settlement, including implementing the Notice Program and administering the Settlement Website.  Neither Plaintiff nor Defendant shall have any responsibility for any acts or omissions of the Settlement Administrator.  The parties have agreed to select Rust Consulting as the Settlement Administrator.

DD.     Settlement Agreement.  "Settlement Agreement" shall mean this Settlement Agreement, including any amendment hereto pursuant to Section X.D hereof, and all the exhibits attached hereto.

EE.     Settlement Fund.  "Settlement Fund" shall mean a fund, governed by terms to be agreed to between Class Counsel and Defendant's Counsel, which shall be placed in an escrow account and utilized to administer the monetary requirements of the Settlement. The Settlement Fund will be established by Class Counsel and entitled the "City of Chester Qualified Settlement Fund" and treated as trust fund monies under relevant Pennsylvania ethical standards.

FF.     Settlement Amount.  "Settlement Amount" shall mean the amount to be paid by or on behalf of the Defendant.  The actual Settlement Amount will be calculated after the Claims Period has ended.

GG.    <u>Settlement Website:</u>   The Settlement Administrator will establish a website to provide information about the settlement with a World Wide Web address of www.cityofchesterstripsearch.com, or something substantially similar.

HH.    <u>Strip Search.</u>  For purposes of this Settlement Agreement, "Strip Search" means the contactless removal or rearrangement of clothing for the purpose of visual inspection of the person's undergarments, buttocks, anus, genitals, and/or breasts, including but not limited to a visual inspection taking place in an isolated cell within the City of Chester's cell block area.

II.    <u>Summary Notice.</u>  "Summary Notice" shall mean a notice in substantially the same form as that which appears at Exhibit E.

## II.    **REQUIRED EVENTS**

A.    Promptly after execution of this Settlement Agreement by all Parties:

1.    Class Counsel and Defendant's Counsel shall use their best efforts to cause the Court to enter the Preliminary Approval Order and the Final Judgment in substantially the forms attached hereto as Exhibits D and C, respectively.

2.    The Parties to the Settlement Agreement shall jointly move for entry of a Preliminary Approval Order in substantially the same form as Exhibit D, which by its terms shall:

a.    Preliminarily approve the terms of the Settlement Agreement, including the certification of the Class for purposes of this Settlement Agreement, as within the range of fair, reasonable and adequate settlements for purposes of issuing notice;

b.    Approve the contents of the Class Notice and methods in the Notice Plan;

c.    Schedule a Final Approval Hearing to review comments regarding the proposed Class Settlement and to consider the fairness, reasonableness, and adequacy of the

proposed Class Settlement and the application for an award of attorneys' fees and reimbursement of expenses, and to consider whether the Court should issue a Final Judgment (in substantially the same form as Exhibit C) approving the Class Settlement, granting Class Counsel's application for fees and expenses, granting the Incentive Award application of the Class Representative, and dismissing the Litigation with prejudice.

3.      Class Counsel and Defendant's Counsel will use their best efforts, consistent with the terms of this Settlement Agreement, to promptly obtain a Final Judgment.

4.      In the event that the Court fails to issue the Preliminary Approval Order or fails to issue the Final Judgment, Class Counsel and Defendant's Counsel agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court; provided, however, that in no event shall Defendant be required to agree to any such cure that would increase the cost or burden of the Settlement Agreement to such Defendant.

5.      The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby. Any disputes regarding the Parties' obligations under this paragraph shall be submitted for decision by the Court, which decision shall be binding on the Parties.

## III.     **SETTLEMENT TERMS**

1.      The City of Chester Police Department has agreed to update its policies and directives related to strip searches, implementing a new Policy with a checklist review to

determine whether reasonable suspicion exists to conduct future strip searches in accordance with existing law.

2. The City of Chester acknowledges that it revised its strip search policies in part because of the institution and prosecution of this action.

A. <u>Settlement Fund</u>

1. Defendant will cause to be paid into the Settlement Fund an initial sum identified as necessary for administration of the claim as identified in paragraph 2 and thereafter pay all amounts necessary for final resolution of all claims made by Class Members in accordance with the provisions of this Settlement Agreement.

2. Within thirty (30) days of the entry of the Preliminary Approval Order, Defendant shall pay into the Settlement Fund the amount of $50,000 (the "Initial Contribution") to be used by the Settlement and Website Administrators to cover the initial costs of Notice and administration of the Settlement. If this full amount is not used, the balance will be applied to claims that must be paid by the Defendant.  If the amount for administration exceeds the estimated $50,000, it will be paid by the Defendant. If, at any time, whether by order of any court or for any other reason, the Settlement does not become final, then any unspent money remaining from the Initial Contribution shall be returned to the City of Chester with no obligation on the part of any party to repay any portion of the money actually spent.

3. Defendant's remaining monetary obligation will be deposited into the Settlement Fund by the Effective Date by either wire transfer or check.

4. All administrative expenses, including the costs of Settlement administration, website administration and the provision of notice to Class Members, as well as

the amounts awarded by the Court for attorneys' fees and costs, and an incentive award to the Class Representative, will be paid into the Settlement Fund upon Order of the Court.

      B.    <u>Settlement Administrator.</u>

      1.    The parties agreed to select Rust Consulting as the Settlement Administrator.  Defendant shall pay the reasonable bill of Rust Consulting.  This Bill will be paid both from the Initial Contribution and, if necessary, at the end of the settlement should sums be due to Rust Consulting.  In the event that the services of Rust Consulting require a payment of more than $50,000.00, these fees will be paid at the end of the settlement Claims Period from the Settlement Fund.

      2.    In the event that the expenses for claims administration detailed above are less than the $50,000 initial contribution, any excess monies will revert to the City of Chester.

      C.    <u>Payments to Class Members</u>

      1.    Each Class Member arrested and housed in the cell block area on a highest graded offense which constitutes a Summary, who submits a timely Claim Form will be entitled to receive $1,000.00, subject to the conditions set forth below.

      2.    Each Class Member arrested and housed in the cell block area on a highest graded offense which constitutes a Misdemeanor, except those misdemeanors involving drug offenses or violent offenses involving physical harm to an individual or use/possession of a weapon of any kind, who submits a timely Claim Form will be entitled to receive $400.00, subject to the conditions set forth below.

      3.    Each Class Member arrested and housed in the cell block area on a highest graded offense constitutes misdemeanor possession of a small amount of marijuana for personal

use, who submits a timely Claim Form will be entitled to receive $100.00, subject to the conditions set forth below.

4.      No Class Member shall be entitled to more than his or her individual share of the Distribution Amount regardless of the number of times he or she has been booked and/or Strip Searched at the City of Chester Police Department.

5.      If a Class Member owes child support, or owe costs or fines owed as a result of an adjudication by any of the Courts of the Commonwealth of Pennsylvania, their payment under this Settlement will be credited towards their child support debt or costs or fines owed. For example, if they are entitled to a $400.00 payment under this Settlement and owe $300.00 in child support, costs and/or fines, $300.00 of the $400.00 will go towards satisfying the child support, costs and/or fines obligation, and the Class Member will be paid the remaining $100.00 balance.  Likewise, if a Class Member owes $1,000.00 in child support, costs and/or fines, the full $400.00 will be credited towards the debt, reducing the total child support, costs and/or fines to $600.00.

6.      The City has the right to challenge individual claims but expects to use this right reasonably and sparingly.

7.      No portion of the Distribution Amount shall be disbursed before the Effective Date.

8.      The Parties acknowledge that Class Members have an important interest in being able to maintain their privacy in filing a claim on this class action settlement. Accordingly, the identification of any class member making a claim shall be kept confidential and disclosed only to Class Counsel and Defendant's Counsel, and shall be protected from public disclosure, unless such disclosure is required by law or to address the validity of any claim.

D.      Attorneys' Fees and Expenses

1.      Class Counsel will petition the Court for an award of attorneys' fees and expenses.  Defendant shall not oppose Class Counsel's application for an award of fees and expenses to the extent that it does not exceed $275,000.00, which is subject to the Court's Approval, nor will Defendant oppose any appeal filed by Class Counsel relative to their application for an award of attorneys' fees, so long as such application for attorneys' fees and expenses conforms with the Settlement Agreement and is not in excess of $275,000.00.

E.      Additional Discovery

1.      Defendant will continue to cooperate in a timely and reasonable manner with Class Counsel to determine class size and Class Members' names and addresses.  Defendant will provide Class Counsel and the Settlement Administrator with the data maintained by the City for the purposes of assembling a class list. Defendant will also cooperate with Class Counsel for the purposes of obtaining any additional information needed to determine the identity of the Class Members. Subject to applicable law, the Defendant will not object to providing social security numbers or dates of birth for Class Members for the purposes of locating absent Class Members.

IV.     **NOTIFICATION TO CLASS MEMBERS**

A.      Responsibilities of the Settlement Administrator and Website Administrator

1.      The Settlement Administrator shall implement and administer the Notice Program.

2.      The Settlement Administrator shall be responsible for, without limitation: (i) mailing the Class Notices; (ii) arranging for the publication of the Summary Notice; (iii) responding to requests for a copy of the Class Notice; (iv) administering the Settlement Website;

(v) otherwise administering the Notice Program; and (vi) distributing payments to the Class Members.  The Notice Program shall comply with all requirements of applicable law.  The Settlement Administrator will maintain an appropriate insurance policy to protect against any violation of its fiduciary duty to the Court, Class Members, or Class Counsel.

     B.    <u>Notice</u>

     1.    Notice will be provided to the Class by direct mailing of Class Notice and a Claim Form to all individuals at their last known or readily ascertainable address and by publication in the Delaware County Daily Times on at least one (1) day per week for three (3) consecutive weeks commencing on the Notice date, and on one occasion during the last ten (10) days of the Claims Period.  The mailed notice will be provided in Spanish and English, and newspaper advertisements will provide instruction that a Spanish copy of the notice will be provided upon request. The Class Notice will also be disseminated by a limited television advertising campaign.

     2.    The Settlement Administrator shall also provide a copy of the Class Notice and Claim Form to anyone who requests notice through written communication to the Settlement Administrator, or through a toll-free telephone number to be established by the Settlement Administrator.  The Website Administrator will also provide downloadable copies of notices, Claim Forms, court decisions and other information to Class Members through a dedicated internet website, www.cityofchesterstripsearch.com, or something substantially similar.

     3.    Defendant will cooperate in the Notice Program by providing Class Counsel and the Settlement Administrator with information necessary to affect notice to the Class including, but not limited to, cooperating with efforts to obtain the last known address of

potential Class Members from City records.  The Defendant will provide access to the list

generated by the City regarding applicable intakes into the City cell block area during the Class

period.

4.      Notice will also be provided to the Class by way of limited televised

notice campaign on cable television, with ads to run during the same weeks as the newspaper

notice detailed above.

5.      If, after the initial mailing, the Notice is returned as undeliverable, the

Settlement Administrator will attempt to locate the Class Members by way of a national locator

database or service and, if another address is found, re-mail the Notice to that new address.

6.      The Settlement Administrator shall provide an affidavit to the Court, with

a copy to Class Counsel and Defendant's Counsel, attesting to the measures undertaken to

provide Notice of the Settlement, including the number of visitors and number of documents

downloaded from the Settlement Website.  The affidavit will be filed ten (10) days before the

date scheduled for Final Approval.

7.      The Settlement Administrator (and any person retained by the Settlement

Administrator) shall sign a confidentiality agreement in a form agreed to by the Parties, which

shall provide that the names, addresses and other information about specific Class Members

and/or specific Class Members that is provided to it by Defendant, Class Counsel, or by

individual Class Members, shall be treated as confidential and shall be used only by the

Settlement Administrator as required by this Settlement Agreement.

8.      Class Counsel will, if appropriate, employ an interpreter on a *per diem*

basis to assist Class Members whose primary language is Spanish in filing claims under the

settlement.  The costs of this interpreter will be paid as an administrative cost.

**V.   REQUESTS FOR EXCLUSION BY CLASS MEMBERS**

A.      The provisions of this paragraph shall apply to any Request for Exclusion.  Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator.  Any Request for Exclusion must be postmarked or delivered not later than the Opt-Out Deadline.  Any Request for Exclusion shall state the name, address and telephone number of the person requesting exclusion and contain a clear statement communicating that such person elects to be excluded from the Settlement, does not wish to be a Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement.

B.      Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C.      Not later than three (3) business days after the deadline for submission of Requests for Exclusion, the Settlement Administrator shall provide an Opt-Out List to Class Counsel and to Defendant's Counsel together with copies of the Request for Exclusion.  Class Counsel and Defendant's Counsel shall jointly report the names appearing on the Opt-Out List to the Court at the time of the Final Approval Hearing.

D.      Class Counsel agrees that they will not represent any individuals who opt-out from the Settlement in asserting claims against Defendant that are the subject of this agreement.

**VI.   OBJECTIONS BY CLASS MEMBERS**

A.      Any Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection by the Objection Date. Such objection shall state the name, address and telephone number of the person and provide proof of membership in the Class, as well as a detailed statement of each objection

16

asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection.

B.     The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Members' objections to the Settlement Agreement, in accordance with such Class Members' due process rights.  The Preliminary Approval Order and Class Notice will require all Class Members who have any objections to file such notice of objection or request to be heard with the Clerk of the Court, and serve by mail or hand delivery such notice of objection or request to be heard, including all papers or evidence in support thereof, upon one of the Class Counsel and Defendant's Counsel, at the addresses set forth in the Class Notice, no later than the Objection Date.  The Preliminary Approval Order will further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court, along with the required information and documentation set forth above, or to serve them as provided above shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

C.     In accordance with law, only Class Members who object to the Settlement pursuant to the terms immediately above may appeal any Final Judgment.  The proposed Final Judgment shall provide that any Class Member who wishes to appeal Final Judgment, which appeal will delay the distribution of the Settlement to the Class, shall post a bond with this Court in any amount to be determined by the Court as a condition of prosecuting such appeal.

## VII.     RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

A.     By this Settlement Agreement and the following Release, Defendant, and all of its respective affiliates, predecessors, successors and assigns, officers, agents, representatives, insurers, attorneys and employees (the "Released Persons"), are released from any and all claims

17

or causes of action that were, could have been, or should have been asserted by the named Plaintiff or any member of the Class against the Released Persons, or any of them, based upon or related to the actions that are the subject of this Settlement Agreement.

B.      This Settlement Agreement and Release does not affect the rights, if any, of Class Members who timely and properly exclude themselves from the Settlement.

C.      The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release.  The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to the Settlement Agreement.

D.      Upon the Effective Date:  (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Class Members; (ii) the Released Parties shall not be subject to liability or expense of any kind to any Class Members or their successors, predecessors or assigns except as set forth herein; and (iii) Class Members and their successors, predecessors and assigns shall be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against any Released Party in any federal or state court in the United States or any other tribunal.

## VIII.   INCENTIVE AWARDS TO CLASS REPRESENTATIVE

A.      Given the efforts of the named Plaintiff on behalf of the Class, Defendant will not oppose an application for an incentive award of $25,000.00 on behalf of Kenard Pitney, such amount to be paid at the time of distribution to the Class Members that timely file a Claim Form. This amount will be subject to the terms outlined in paragraph III.C.5, relating to child support,

costs and fines obligations.  It is agreed between the Parties that Pitney provided substantial assistance to Class Counsel in the prosecution of this action.

## IX.    REPRESENTATIONS, WARRANTIES AND COVENANTS

A.    Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiff, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby.  This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiff and constitutes their legal valid and binding obligation.

B.    Defendant, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby.  The execution, delivery and performance by Defendant of this Settlement Agreement and the consummation by them of the actions contemplated hereby have been duly authorized by all necessary corporate action on the part of Defendant.  This Settlement Agreement has been duly and validly executed and delivered by Defendant and constitutes their legal, valid, and binding obligation.

## X.    MISCELLANEOUS PROVISIONS

A.    This Settlement Agreement, and the exhibits and related documents hereto, are not, and shall not at any time be construed or deemed to be, or to evidence, any admission against or concession by Defendant with respect to any wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Judgment as contemplated herein.  Any payment of moneys, or any other action taken, by Defendant pursuant to any provision of this Settlement Agreement, shall not at any time be construed or deemed to be, or to evidence, any admission against or concession by Defendant with respect to any wrongdoing, fault, or omission of any kind whatsoever, regardless of whether

19

or not this Settlement Agreement results in entry of a Final Judgment as contemplated herein. Defendant denies any liability to Plaintiff and to all Members of the Class.  This provision shall survive the expiration or voiding of the Settlement Agreement.

B.      This Settlement Agreement is entered into only for purposes of Settlement.  In the event that the Effective Date does not occur for any reason or the Final Judgment is not entered, then this Settlement Agreement, including any releases or dismissals hereunder, is canceled.  In the event this Settlement Agreement is cancelled or deemed cancelled, no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Litigation or in any other litigation, and all Parties shall be restored to their prior rights positions as if the mediation had never occurred and the Settlement Agreement had not been entered into.

C.      The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

D.      This Settlement Agreement, including all exhibits attached hereto, may not be modified or amended except in writing signed by all of the Parties or their counsel.

E.      This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

F.      This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the Commonwealth of Pennsylvania, without giving effect to any

choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

G.      Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his or its own costs of the Litigation.

H.      If any clause, provision or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provisions had not been contained herein.

I.      The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

J.      All applications for Court approval or Court orders required under this Settlement Agreement shall be made on notice to Plaintiff and Defendant.

K.      The determination of the terms of, and the drafting of, this Settlement Agreement, including its exhibits, has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  Each of the Parties was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.  In entering into this Settlement Agreement, none of the Parties relied on advice received from any other Party or any other Party's counsel.

L. <u>Integrated Agreement</u>

1.      All of the exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

2.      This Settlement Agreement and the exhibits thereto constitute the entire, fully integrated agreement among the Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the settlement of the Litigation.

M.    <u>Notice</u>:

1.      Any notice, request or instruction or other document to be given by any party to this Settlement Agreement to any other party to this Settlement Agreement (other than class notification) shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid:

- <u>If to Defendant to</u>:  City of Chester c/o Brian H. Leinhauser, MacMain, Connell & Leinhauser, LLC, 433 W. Market Street, Suite 200, West Chester, PA 19382 <u>AND</u> c/o Nicholas Cummins, Bennett, Bricklin, & Saltzburg LLC, West Tower, Centre Square, 1500 Market Street, 32nd Floor, Philadelphia, PA 19103.

- <u>If to Class Counsel or Plaintiff to</u>:  Alan M. Feldman, Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP, 1845 Walnut Street, 21st Floor, Philadelphia, PA 19103 <u>AND</u> Patrick Geckle, Law Offices of Patrick G. Geckle, LLC, 1515 Market Street, Suite 1200, Philadelphia, PA 19102.

N.      Dispute Resolution

1.      Except as otherwise provided herein, the Parties agree that any disputes regarding the terms and conditions of this Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or the manner in which any issue or dispute arising under this Settlement Agreement, shall be resolved by the Court.

IN WITNESS WHEREOF, Plaintiff and Defendant and their respective counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated: January 25, 2021

/s/ Patrick G. Geckle
Patrick G. Geckle
**Law Offices of Patrick G. Geckle, LLC**
1515 Market Street, Suite 1200
Philadelphia, PA
Telephone: 215-735-3326

Alan M. Feldman
Edward S. Goldis
Andrew K. Mitnick
**Feldman Shepherd Wohlgelernter**
**Tanner Weinstock & Dodig, LLP**
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Telephone: 215-567-8300

**ATTORNEYS FOR PLAINTIFF AND**
**THE CLASS MEMBERS**

Dated: January 26, 2021

David J. MacMain
Brian H. Leinhauser
Andrew J. Davis
**MacMain, Connell & Leinhauser, LLC**
433 W. Market Street, Suite 200
West Chester, PA 19382
Telephone: 484-318-7802

*/s/ Nicholas Cummins*
Nicholas Cummins
**Bennett, Bricklin & Saltzburg LLC**
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
Telephone: 215-561-4300


**ATTORNEYS FOR THE DEFENDANT**