IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENARD PITNEY,** : | |
|      **Plaintiff,** : | |
| : | |
| **v.** : | Civ. No. 19-799 |
| : | |
| **CITY OF CHESTER,** : | |
|      **Defendant.** : | |
| : | |

## JUDGMENT

**AND NOW**, this 18th day of May, 2021, after holding a Fairness Hearing (Doc. No. 77) and upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement, an Award of Attorneys' Fees, and for Approval of an Incentive Award (Doc. No. 76), Plaintiffs' Motion for Class Certification (Doc. No. 61), and all related submissions, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. No. 76) and Motion to Certify Class (Doc. No. 61) are **GRANTED**;

2. The Court finds that the Settlement is fair, reasonable, and adequate. The Settlement Agreement (Doc. No. 74) is finally approved and shall be consummated in accordance with its terms;

3. The Court finds the Plan of Allocation to be fair and reasonable, and directs that the Plan Administrator effectuate the distribution of the Settlement Fund in accordance with the terms of the Settlement Agreement and the Plan of Allocation;

4. The Court finds that the distribution of the Notice of Class Action Settlement was in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and (a) constituted the best practicable notice to members of the Class

under the circumstances of this action; (b) was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of this class action; their right to object to any aspect of the proposed Settlement, including the fairness, reasonableness or adequacy of the Class' representation by Class Counsel, and the award of attorneys' fees and expenses; their right to appear at the Final Approval Hearing; and the binding effect of the orders and Final Judgment as to all claims against Defendants in this action, whether favorable or unfavorable, on all members of the Class; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (d) fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), and any other applicable law;

5. Plaintiffs' Motion for Attorneys' Fees (Doc. No. 76) is **GRANTED**. Counsel is awarded $275,000. Class Representative Pitney is awarded a $25,000 incentive payment;

6. All claims asserted by Plaintiffs and the Class against Defendant are **DISMISSED with prejudice** in accordance with the terms of the Settlement Agreement. The **CLERK OF COURT** shall **CLOSE** this case. See Fed. R. Civ. P. 54(b); and

7. The Court will retain exclusive jurisdiction over the Settlement Agreement to oversee (a) enforcement, interpretation and implementation of the Settlement Agreement; (b) disposition of the Settlement Fund; (c) the payment of attorneys' fees, reimbursement of expenses, and class representative service awards, and (d) administration of the Settlement Fund, and (e) enforcement of any Order of this Court.

**AND IT IS SO ORDERED.**

Dated: May 18, 2021   */s/ Paul S. Diamond*

                                    _____
                                    Paul S. Diamond, J.